# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | 1:14-cr-00344-WSD-3 |
| **ASAD ABDULLAH,** | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Asad Abdullah's ("Defendant") *pro se* Motion for Credit for Time Served and Motion to be Transferred Closer to Atlanta, Georgia [703] ("Motion").

## I. BACKGROUND

On January 29, 2016, Defendant was sentenced to ninety-two (92) months incarceration with three (3) years of supervised release, after pleading guilty to one count of Conspiracy to Commit Theft of Government Funds, in violation of 18 U.S.C. § 371, one count of Theft of Government Funds, in violation of 18 U.S.C. § 641, one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A, and one count of Conspiracy to Commit Access Device Fraud, in violation of 18 U.S.C. § 1029(b)(2). ([561], [574]). The Court found that Defendant should receive credit for time he had spent in federal custody since December 8, 2014, the

date of his initial appearance in this matter. ([247]). The Court ordered that "Defendant is entitled to credit for his pretrial detention by federal authorities and Defendant's custodial sentence, as imposed in this action, shall be deemed to have begun on December 8, 2014." (Criminal Judgment [574] at 2). Defendant has not left custody since December 8, 2014.

On April 2, 2017, Defendant filed his Motion.[1] Defendant states that the Bureau of Prisons ("BOP") has not awarded him credit for time he spent in custody since December 8, 2014. Defendant claims that the BOP has only given him credit for time since August 12, 2015, contrary to the language in the Criminal Judgment. Defendant further requests that he be housed at a facility closer to Atlanta, Georgia. Defendant is currently housed at USP Lee in Pennington Gap, Virginia.

## II. DISCUSSION

### A. Sentence Computation

The Bureau of Prison's Designation and Sentence Computation Center

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotation marks omitted) (quoting United States v. Glover 686 F.3d 1203, 1205 (11th Cir. 2012)), cert. denied, 135 S. Ct. 241 (2014). Absent evidence to the contrary, the Court assumes the motion was delivered to prison authorities on the day the prisoner signed it. Washington v. United States, 243 F.3d 1301, 1301 (11th Cir. 2001).

(DSCC), located in Grand Prarie, Texas, is charged with the computation of sentences for federal prisoners serving custodial sentences for federal crimes. See https://www.bop.gov/inmates/custody_and_care/sentence_computations.jsp. On April 11, 2017, staff with DSCC confirmed Defendant's statement that he was only being credited for time spent in federal custody since August 12, 2015. Upon notice of this inconsistency with the language of the Criminal Judgment, staff with DSCC corrected Defendant's sentence computation to conform with the sentence as imposed. Defendant is receiving credit for all time spent in federal custody since December 8, 2014. Defendant's request to receive proper credit toward his sentence is denied as moot.

B. Prison Designation

18 U.S.C. § 3621(b)(4)(B) provides that the Bureau of Prisons shall consider a recommendation by the sentencing court in designating a prisoner to a correctional facility. However, "[a] sentencing court has no authority to order that a convicted defendant be confined in a particular facility . . . ." United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995). That decision is "within the sole discretion of the Bureau of Prisons." Id. (citing 18 U.S.C. § 3621(b); United States v. Restrepo, 999 F.2d 640, 644-45 (2d Cir. 1993), cert. denied, 510 U.S. 954; United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993)).

The Court recommended that Defendant be housed at a facility as close as possible to Atlanta, Georgia. (Criminal Judgment at 2). The Bureau of Prisons exercised its authority in designating Defendant to a facility outside Atlanta despite the Court's recommendation regarding placement. Defendant's request to be transferred to a facility closer to Atlanta, Georgia, is denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's *pro se* Motion for Credit for Time Served and Motion to be Transferred Closer to Atlanta, Georgia [703] is **DENIED IN PART** and **DENIED AS MOOT IN PART**. Defendant's request for credit for time served is **DENIED AS MOOT**. Defendant's request to be transferred to a facility closer to Atlanta, Georgia, is **DENIED**.

**SO ORDERED** this 5th day of May, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE